# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Samuel Jones, | ) |
|            Plaintiff, | ) Civil Action No. 1:12-cv-01606-JMC |
| v. | ) ORDER |
| Nelson V. Leeke; Byers, SCDC Director; Unknown SCDC Defendants to be amended, | ) |
|            Defendants. | ) |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report"), [Dkt. No. 10], filed on June 28, 2012, recommending that Plaintiff's Complaint [Dkt. No. 2] in the above-captioned case be dismissed with prejudice, in accordance with Fed. R. Civ. P. 41(b) for lack of prosecution. Plaintiff brought this action seeking relief pursuant to Title 42 U.S.C. §1983. The Report sets forth in detail the relevant facts and legal standards on this matter which the court incorporates herein without a recitation.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Plaintiff was advised of his right to file objections to the Report [Dkt. No. 10 at 3]. However, Plaintiff filed no objections to the Report.

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

As of the date of this order Plaintiff has failed to inform the court of his proper mailing address, hence the court has no means of contacting him regarding his case. Furthermore, after a thorough review of the Report and Recommendation and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation. [Dkt. No. 10]. It is therefore **ORDERED** that Plaintiff's Complaint [Dkt. No. 2] in the above-captioned case is **DISMISSED** with prejudice in accordance with Fed. R. Civ. P. 41(b) for lack of prosecution.

**IT IS SO ORDERED.**

J. Michelle Childs
United States District Judge

Greenville, South Carolina
October 24, 2012